(No. 4103—

MARY ANN CLOHSEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1949.*

WILLIAM A. MURPHY, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General; HON. WILLIAM J. COLOHAN, Assistant Attorney General, for Respondent.

115

ECKERT, C. J.

On April 5, 1947, William J. Clohsey, employed as an adult parole agent by the Department of Public Safety, Division of Supervision of Parolees, while returning a parole violator, Robert Concannon, from Detroit, Michigan, to Chicago, was attacked by the prisoner. The decedent and Concannon were traveling on the New York Central train No. 75 known as the Mercury. A short distance east of Porter, Indiana, the prisoner asked to go to the rest room, and requested the decedent to release one of his handcuffs. Mr. Clohsey complied with the request, and stood outside the partially closed rest room door, holding on to the ring end of the long chain attached to the handcuffs.

The prisoner emerged suddenly from the rest room and using the loosened handcuff, struck the decedent who was knocked unconscious. The prisoner then took the handcuff keys from the parole agent, loosened his other hand from the cuff, and escaped from the train as it pulled into Porter, Indiana. Mr. Clohsey was found unconscious by the conductor, and from the character of his injuries it appeared that he had been repeatedly kicked or struck by the prisoner after he lost consciousness.

The Chicago police were notified immediately upon the train's arrival in Chicago. The Chicago office of the Department of Public Safety, Division of Supervision

of Parolees, was also notified. Mrs. Clohsey called the family physician, Dr. Nicholas J. Balsamo, who removed Mr. Clohsey to the Loretto Hospital. There he was found to be suffering from a dislocation of the left humerus, a large fracture of the humeral head, a fracture and dislocation of the left shoulder with multiple lacerations and severe contusions of his chin, face and ears.

On April 10, 1947, Mr. Clohsey returned to his home for convalescence, and during that period suffered an acute urinary retention. Dr. William J. Baker, of Chicago, performed an operation to relieve this condition at St. Luke's Hospital, in Chicago, on May 3, 1947. Mr. Clohsey was hospitalized from May 1st to May 12th. His post-operative recovery was never complete, however, but it was sufficient to allow him to return to light office work on July 1, 1947, where he performed limited duties until January 1, 1948. He was then advised to remain at home, and on January 18, 1948, a second operation was performed at St. Luke's Hospital for the same urinary condition. He never recovered from this second operation, and died on March 6, 1948.

Dr. William J. Baker, who performed the transurethral prostatic resections and revision of the bladder neck, testified on behalf of claimant. Dr. Baker stated that in his opinion there was a causal connection between the injuries sustained by the decedent on April 5, 1947, and his death on March 6, 1948. He stated that the injuries precipitated decedent's prostatic condition which was analogous to hyperstatic pneumonia developing after an injury occasioning bed rest.

At the time of the accident, decedent and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the injury and claim for compensation were made within the time

provided by the Act. The evidence is uncontradicted, and clearly sustains claimant's contention that decedent's death was a result of accidental injuries which arose out of and in the course of his employment.

Decedent's annual earnings for the year next preceding his injury were $2,760.00, making an average weekly wage of $53.07. His compensation rate would, therefore, be the maximum of $15.00 per week. The injury having occurred subsequent to July 1, 1945, but prior to July 1, 1947, this must be increased 20%, making a compensation rate of $18.00. Decedent received on account of temporary total disability the aggregate amount of $1,011.02. Under the provisions of the Workmen's Compensation Act, however, he was only entitled to compensation at the rate of $18.00 a week for 21 5/7 weeks, or the sum of $390.85. Decedent thus received $620.17 in excess of the amount to which he was rightfully entitled, and this excess must be deducted from any award made to claimant.

Claimant is therefore entitled to an award on account of the death of William J. Clohsey, under the provisions of the Workmen's Compensation Act of this State, in the amount of $4,800.00, less the sum of $620.17 paid to decedent for non-productive work, or the sum of $4,179.83.

A. M. Rothbart of Chicago, Illinois, was employed to take and transcribe the evidence at the hearing before Commissioner Blumenthal. Charges in the amount of $26.80 were incurred for these services, which charges are fair, reasonable and customary.

An award is therefore entered in favor of A. M. Rothbart in the amount of $26.80, payable forthwith.

An award is entered in favor of Mary Ann Clohsey,

widow of William J. Clohsey, in the amount of $4,179.83, to be paid to her as follows:

$ 810.00, which has accrued, is payable forthwith;

$3,369.83, is payable in weekly installments of $18.00 per week, beginning on the 23rd day of January, A.D. 1949, for a period of 187 weeks, with an additional final payment of $3.83.

All future payments being subject to the terms and provisions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."